UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BELINDA STEVENSON,

    Plaintiff,

vs.    CASE NO.: 6:17-CV-366-ORL-37-GJK

TRIDENT HOSPITALITY (FLORIDA),
LLC, d/b/a DAYS INN UNIVERSAL
NORTH,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BELINDA STEVENSON, by and through the undersigned attorney, sues the Defendant, TRIDENT HOSPITALITY (FLORIDA), LLC, d/b/a DAYS INN UNIVERSAL NORTH ("TRIDENT"), a Florida Corporation, and alleges:

1. Plaintiff, BELINDA STEVENSON, was an employee of Defendant and brings this action for unpaid minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant Orlando, Orange County, Florida within the last three years.

3. Plaintiff, BELINDA STEVENSON, worked for Defendant from approximately February 2016 to September 2016 as an hourly paid housekeeper.

4. During her employment, Plaintiff, BELINDA STEVENSON, was paid an hourly wage of $8.05.

5. Defendant, TRIDENT, is a Florida Corporation that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

6. Specifically, TRIDENT operates as a hotel located at 2500 West 33rd Street, Orlando, Florida 32839.

7. This action is brought under the FLSA to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment, TRIDENT earned more than $500,000.00 per year in gross sales.

10. Defendant, TRIDENT employed approximately 10-15 employees and paid these employees plus earned a profit from their business.

11. During Plaintiff's employment, TRIDENT employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as hotel bedding and linens, furniture, computer equipment, soaps/shampoos, towels and other items used to run the business.

12. Defendant, TRIDENT, is directly involved in interstate commerce as a majority of their guests are tourists to the Orlando and Central Florida area.

13. Therefore, at all material times relevant to this action, Defendant, TRIDENT was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

14. At all times relevant to this action, Defendant failed to comply with the FLSA

because Plaintiff performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiff was paid the proper minimum wage for all hours worked.

15. During her employment with Defendant, Plaintiff was not paid the minimum wage for all hours worked.

16. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete minimum wages as described above.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts owed to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above as though fully stated herein.

19. Plaintiff is/was entitled under the FLSA to be paid minimum wage for each hour worked during her employment with Defendant.

20. During her employment with Defendant, Plaintiff was not paid complete minimum wages as a result of Defendant failing to compensate her for work performed prior to her being allowed to clock in.

21. Specifically, Plaintiff was told not to clock in until 8:00 a.m. even though she was required to begin her work duties at 7:30 a.m.

22. As a result of these actions, Plaintiff was not paid for all of the hours worked for Defendant's benefit in violation of the FLSA.

23. Defendant willfully failed to pay Plaintiff the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

24. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

25. Defendant failed to keep accurate records of the time worked by Plaintiff in violation of the FLSA.

26. In addition, Defendant failed to post the required Department of Labor informational listings for Plaintiff in violation of the FLSA.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BELINDA STEVENSON demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff