UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BELINDA STEVENSON,

    Plaintiff,

v.   Case No. 6:17-cv-366-Orl37GJK

TRIDENT HOSPITALITY (FLORIDA), LLC,

    Defendant.

## ORDER

In the instant action, Plaintiff asserts that Defendant violated the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) On March 30, 2017, Plaintiff filed a unilateral notice of voluntary dismissal with prejudice. (Doc. 8 ("**Notice**").) In the Notice, Plaintiff represents that the parties have reached a settlement, whereby: (1) Plaintiff will receive "full overtime damages with no compromise"[1]; and (2) attorney fees and costs were negotiated separately from Plaintiff's recovery. (Doc. 8, p. 2.)

Accepting Plaintiff's representations as true, there is no need for judicial scrutiny of the settlement reached between the parties. *See, e.g.*, *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) (indicating that a court need not review an FLSA settlement when the parties stipulate that the plaintiff's claims will be "paid in full,

---

[1] Plaintiff's only FLSA claim against Defendant is for unpaid minimum wage compensation (*see* Doc. 1, ¶¶ 14–16, 19); thus, the Court presumes that Plaintiff intended to represent that she has received full compensation for such claim, rather than overtime compensation.

-1-

-2-

without compromise"); *see also Feagans v. Americana Jax Inv., Inc.*, 3:07-cv-433-J-33HTS, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008) ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required").

Accordingly, this case is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record